CHARLES V. DYER

*v.*

THOMAS J. SUTHERLAND.

1. CONTRACT — *implied contract to pay commissions.* The right of one rendering services for another to have their value estimated under a *quantum meruit* upon the basis of commissions, can only arise out of general custom. When such a custom exists in reference to certain kinds of business, as for instance among real estate brokers, any one actually or presumptively having knowledge of it, and employing them in their business without special contract, will be presumed to have done so with reference to such custom.

2. SAME — *attorney employed generally cannot charge broker's commissions.* Where an attorney at law has agreed to attend to all of a person's legal business without charge, in consideration of being furnished with offices without charge, and he is called upon to bid in land for such client, which he does, and assists in leasing the same, even if the services do not strictly fall within his contract, he will have no right to have the value of such services estimated upon the basis of commissions.

3. SAME — *evidence bearing upon question of value of services.* In a suit by an attorney, to recover the value of services performed by him for the defendant, in a case where there was no implied undertaking to pay him commissions, but in which he claimed commissions, it was *held* error for the court on his cross-examination to refuse to allow an inquiry as to the

value of his services by the day, as it was a proper ingredient in fixing the measure of recovery, even if it was not the exact standard.

4. PARTNER — *right to release claim of firm.* Where legal services performed by one member of a firm of attorneys at law were charged upon the firm books, and the partner performing the services recognized the claim as due the firm, by bringing suit in the firm name, it was *held* that the debtor had a right to settle with the other partner, and that his release was a bar to a subsequent action brought by the other in his own name.

5. ESTOPPEL — *to deny that debt was due partnership.* Where a person holds another out as a joint creditor with himself in a particular case, by bringing suit in their joint names as partners, and the debtor settles with such other person, who dismisses the suit and gives a release, the person so holding out that the claim was a joint one will be estopped from denying that the party giving the release was a joint creditor.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Jones and Sutherland, being attorneys at law, formed a copartnership for the practice of their profession. Doctor Dyer, owning and being in possession of offices in the city of Chicago, made an arrangement with said attorneys, under which they were to come into his offices and occupy them without rent, further than that they should do his ordinary legal business for the use of the offices. In May, 1871, while Jones & Sutherland were so in the occupation of Dyer's offices, the latter spoke to Sutherland about the sale at auction of a certain public house, which was to take place on the seventeenth of that month, and, giving reasons for not wanting to do it personally, requested Sutherland to attend and bid off the property for him; the amount not to exceed $45,000. Sutherland readily acceded to the request, and, on the afternoon appointed, the sale took place. Sutherland bid off the property for Dyer, and the latter stepped forward and immediately assumed the responsibility of the purchase. After the conveyance was made, Sutherland then assisted in leasing the property. The sale required the services of Sutherland for part of one afternoon; his assistance in leasing them took considerable time off and on for about a week

Jones & Sutherland, assuming that these services were beyond those they were to perform for the use of Dyer's office, made a charge for them on their book, and afterwards, in March, 1872, Sutherland brought an action against Dyer for their recovery in the circuit court. This suit was brought under the special care of Sutherland, but in the joint names of himself and Jones. After it had been pending about a month, Jones dismissed it, and gave Dyer a release under seal, discharging him from the cause of action. After the dismissal of that suit, Sutherland scratched out and erased the charge upon the books of his firm, and brought this suit in his own name for the same services, declaring in the common counts, and in his bill of particulars, charges upon the transaction of bidding in the public house for Dyer at $45,000, commissions at the rate of $2\frac{1}{2}$ per cent, making $1,125; for services in leasing same house for five years, at $12,500 per year, commissions on the gross amount of rent, $62,500, at the rate of $1\frac{1}{4}$ per cent, making $781.25. Upon a trial on issues, under the plea of non-assumpsit, the jury returned a verdict in plaintiff's favor for $1,681.25, from which plaintiff remitted $656.25, and the court, overruling defendant's motion for a new trial, gave judgment for the balance.

Upon the trial, the plaintiff furnished no evidence as to the value of his services, and, giving testimony tending to show a custom as to real estate brokers to have commissions, but none as to attorneys, claimed commissions.

On cross-examination, defendant's counsel put this question to plaintiff: " In your profession as a lawyer in this city, rating your services as you say respectable lawyers rate their services, what do you say, in 1871, your services were worth per day ? " On objection by plaintiff, the court excluded the answer, to which exception was taken.

It appearing in the testimony that charges were made in the books of Jones & Sutherland for these same services, and that Sutherland had personally brought suit in the name of the firm, but which Jones had dismissed, the defendant proved the

74—75TH ILL.

execution, and offered in evidence a release to Dyer of the cause of action, executed under seal by Jones in the name of the firm. To its admission plaintiff objected. The court sustained the objection, excluded the release, and defendant excepted.

Messrs. KNOWLTON & HUMPHREYVILLE, for the appellant.

Messrs. BARBER & LACKNER, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The right of one rendering services for another to have their value estimated under a *quantum meruit*, upon the basis of commissions, as was done in this case, can only arise out of general custom. When such a custom exists in reference to certain kinds of business, as for instance, among real estate brokers, any one actually or presumptively having knowledge of it, and employing them in their business, without special contract, will be presumed to have done so with reference to such custom. It will impliedly enter into the legal obligation, and furnish the basis for fixing the amount to be paid for the services. But we are unable to perceive how any such undertaking can be implied from the circumstances of this case. If the custom existed among those whose professed business was that of real estate brokers, to charge commissions after the manner plaintiff was sustained in doing in this case, still the question arises, where is the basis for the undertaking — from what is it to be implied? Jones & Sutherland were attorneys at law, and not real estate brokers. They, as such attorneys, were under an engagement with Dyer to do his ordinary law business, for the use of his offices. That engagement subsisting, he calls upon one of them, without any thing being said as to compensation, to do this business for him; and it is of a kind which an attorney who had undertaken to do a client's general business might well be called upon to do, either by himself or clerk. Now, is the law so unreasonable, so disregardful of circumstances and intention as to go wholly outside of both and imply an undertaking which could only be raised upon a different state

of facts? Dyer undoubtedly intended this employment as coming under the general engagements between him and Jones & Sutherland, and presumptively it did. But if it did not, the law cannot justify the fiction of regarding these attorneys as real estate brokers for the purpose of this transaction, and imply an undertaking that their employer never could have thought of having laid upon him. There being no undertaking implied to pay commissions, it follows that the court erred in sustaining plaintiff's objection to defendant's inquiry upon cross-examination as to the value of plaintiff's services by the day. While that might not have been the exact standard for measuring the value of these services, it would have been a proper ingredient, and the question should have been answered.

We are of opinion that the court erred in excluding the release offered in evidence. If the services were rendered under the arrangement of Jones & Sutherland as to paying rent for the use of Dyer's offices, then they were clearly a co-partnership matter. So, also, if they were within the range of the partnership purposes, and treated as such by the partners, although beyond what was intended as Dyer's ordinary legal business. That the parties themselves, that is, Jones & Sutherland, treated it as within the partnership, there is no doubt. In the first place they were charged upon the partnership books. This was done by Jones, but with Sutherland's full recognition, because he subsequently brought a suit in the circuit court against Dyer, upon the account, in his name and that of Jones. No act could be more significant. Under these circumstances, Dyer was warranted in settling and obtaining a release of the claim from Jones. If he was a joint creditor, and Sutherland so held him out, he had as complete a legal right to settle and discharge the debt as Sutherland, or as both of them together; and after so holding him out, Sutherland is estopped from denying that Jones was a joint creditor. Whatever of fact might be involved was for the jury. The exclusion of the release was a palpable error. The judgment is reversed and cause remanded.

*Judgment reversed.*