FLORIDA KENNERLY, Respondent, v. WILLIAM SOMMER-VILLE, Appellant.

St. Louis Court of Appeals, December 10, 1895.

1. **Contracts:** NATURE OF REMEDY FOR BREACH: ELECTION. A person, who has complied on his part with the terms of an express contract, may sue either in assumpsit or upon the contract. But his petition should not cover both forms of proceeding, and when it does he may, on proper objection, be put to an election or compelled to make his petition more definite. Such objection can not, however, be made for the first time by demurrer to the evidence.

2. ———: MEASURE OF COMPENSATION FOR SERVICES IN PROCURING EXCHANGE OF REAL ESTATE, WHEN RENDERED BY ONE WHO IS NOT A REAL ESTATE AGENT: COMPETENCY OF EVIDENCE. In an action for reasonable compensation by one who has rendered services in effecting a sale of real estate, but who is not regularly engaged in that business, evidence of the customary charges of real estate agents for such services is relevant and may be considered by the jury; but such customary charges are not conclusive as to the compensation of the plaintiff.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Lubke & Muench* for appellant.

*W. P. Larew* for respondent.

ROMBAUER, P. J.—This is an action to recover commissions, alleged to have been earned by the plaintiff in being instrumental in effecting an exchange of defendant's real estate for other real property. As the main question arises touching the form of the action, and whether there was an entire failure of proof to substantiate the cause of action, we mention the following allegations of plaintiff's petition bearing on that question:

The petition charges that the defendant, being the owner of certain real property, employed plaintiff to procure a purchaser for the same; that it was then and there agreed that plaintiff should receive, as compensation for her services in procuring a purchaser as aforesaid, five per cent upon the then agreed valuation of said tract or parcel of land, to wit, the sum of $30,000. The petition then avers that plaintiff has fully done and performed the services by her to be rendered to defendant, and that she is entitled, as compensation therefor as aforesaid, to five per cent upon said sum of $30,000, to wit, the sum of $1,500; and plaintiff says said services so rendered by her *were reasonably worth said sum of $1,500*. Wherefore plaintiff prays judgment for said sum of $1,500 as aforesaid, with interest. To this petition the defendant answered by way of general denial, making no objection to the form of the petition.

Upon the trial of the cause the plaintiff gave no evidence of an agreed compensation at an agreed valuation of the realty to be exchanged, but gave testimony without objection that the defendant agreed to pay her full commissions, and also testimony tending to show what the value of the property exchanged was, and

what the customary commissions of real estate agents were in effecting such exchanges. At the close of this evidence the defendant asked an instruction in the nature of a demurrer to the evidence, which the court refused, and the defendant excepted and still excepts. The defendant thereupon introduced evidence denying the making of any contract, and tending to show that plaintiff was not instrumental in procuring the exchange. The case being submitted to the jury, they brought in a verdict for plaintiff, assessing her damages "at $800, being a commission of four per cent on $20,000."

The defendant complains on this appeal that the court erred in not instructing the jury, as requested, that the plaintiff could not recover on the pleadings and evidence, and erred in its other instructions given on plaintiff's behalf, and that the verdict is excessive.

Under the practice established by the decisions in this state, a person who has complied on his part with the terms of an express contract may sue either in assumpsit or upon the contract. *Mansur v. Botts*, 80 Mo. 651; *Fox v. Pullman Palace Car Company*, 16 Mo. App. 122; *Crump v. Rebstock*, 20 Mo. App. 37. He should not sue upon both. The petition in this case admits of the construction that the plaintiff, claiming under an express contract a fixed compensation, sought to recover either the compensation thus fixed or else the reasonable value of her services. Had the proper objection been interposed to the petition, the court unquestionably would have compelled the plaintiff to elect or make her petition more definite. This, however, was not done. Proof of the reasonable value of plaintiff's services was received without objection, and the defendant could not raise the question for the first time by a demurrer to the evidence. In that regard the case is similar to *Chapman v. Currie*, 51 Mo. App. 42, where we held that similar proof under a similar

petition does not constitute a fatal variance. The demurrer to the evidence was, therefore, properly overruled.

The plaintiff was not a real estate agent, in the common acceptation of that term. She does not so state in her petition. The evidence tended to show that her occupation was that of a seamstress, who at times engaged in selling real estate for other parties and aiding in such negotiations. The proof was admissible of what the customary charges of real estate agents were for similar services, treating the plaintiff's petition as one upon a *quantum meruit;* but such customary charges were in no sense conclusive as to the reasonable value of her services. We considered and decided this point at the present term in *Levett v. Miller.* Such being the case, the court erred in instructing the jury on the measure of plaintiff's damages, among other things, as follows:

"If the jury believe from the evidence that there was, at the time plaintiff was asked by said defendant to find a purchaser as aforesaid, a general and well known custom among real estate agents and brokers in St. Louis as to the commission to be charged and paid for finding a purchaser for property similar to said farm, to be paid for in other property, and that such custom was known to said defendant, and if the jury believe that nothing was said between plaintiff and said defendant before said property was exchanged as (to) her pay or compensation, then if the jury find for plaintiff, *they should, in assessing her damages, allow her the said usual commission, to be computed on the actual price at which said farm was exchanged.*" (The italics are our own.)

The italicized portion of this instruction was clearly erroneous, under the facts presented by the record. Such evidence, at best, is merely advisory, and not con-

clusive on the jury. The court might have told the jury that they might consider such evidence in determining the plaintiff's right of recovery. As $800 seems to be an excessive compensation for what plaintiff did, and as this instruction is complained of as bringing about the excess in the verdict, such excess being likewise complained of, we must conclude that its being given constituted *prejudicial* error.

The judgment is reversed and the cause remanded. All concur.