MARTHA M. GOLDEN, Respondent, v. HEMAN CONSTRUCTION COMPANY, Appellant.

St. Louis Court of Appeals, February 3, 1903.

Damages: ACTION FOR: PROOF OF: CHARACTER OF EVIDENCE, SUFFICIENT. By the operation of a rock quarry and a rock crushing machine in the rear of and near plaintiff's home for three years before suit was brought, clouds of white lime dust were produced, which drifted into plaintiff's house and settled on her furniture and curtains, and injured them. The only evidence as to the damages was, what the furniture was worth before defendant began the injurious work, and what she thought it was worth thereafter, and she and other witnesses swore what the effect of the dust was, how it scratched and marred the furniture. *Held,* that the damages were proven in the best way possible by showing facts from which the jury could form an opinion as to the amount; and, *held,* further, that the trial court did not commit error in refusing to direct a verdict for defendant on the ground that plaintiff, who testified concerning the extent of the damages, was not an expert.

Appeal from St. Louis Circuit Court.—*Hon. D. D. Wood,* Judge.

AFFIRMED.

*Hickman P. Rodgers* for appellant.

(1) Where the testimony fails to disclose any definite damages, the court should instruct the jury to find for the plaintiff in nominal damages only. Pinney v. Berry, 61 Mo. App. 359; Morrison v. Yancey, 23 Mo. App. 670; Evans v. City of Joplin, 76 Mo. App. 20. (2) It is therefore error to authorize a verdict for a substantial amount, in the absence of evidence tending to show the extent of the pecuniary loss. O'Brien v. Loomis, 43 Mo. App. 29; Watkins v. Railroad, 44 Mo. App. 245. (3) And this is so, even though the true measure of damage be correctly stated in the instruction. Trust Co. v. Bambrick, 149 Mo. 56. (4) The court erred in refusing defendant's instruction concerning burden of proof and preponderance of evidence. Kircher v. Collins, 152 Mo. 394; Sanders v. Railroad, 147 Mo. 411. (5) The affidavits filed in support of motion for new trial, on the ground of newly-discovered evidence, were sufficient. (6) A petition is fatally defective when it fails to state facts sufficient to constitute a cause of action. Freymark v. McKinney Bread Co., 55 Mo. App. 435; Shaver v. Ins. Co., 79 Mo. App. 420.

*John J. O'Connor* for respondent.

(1) In actions at law, when there is any evidence in support of the verdict, this court on appeal will not determine whether it is supported by the greater weight of the evidence, but will defer in such matter to the finding of the court and jury below. Reynolds v. Buffington, 75 Mo. App. 86; Hansan v. Russell, 75 Mo. App. 110; Downing v. Railway, 70 Mo. App. 657; Blanton v. Dold, 109 Mo. 65; James v. Mutual R. F. L. Assn., 148 Mo. 1. (2) And when all the evidence on a disputed issue of fact is not set out in the record, as happens in this case, this court will not interfere with the finding of the circuit court thereon. Davis v. Vo-

ries, 141 Mo. 234; Ogelbay v. Kansas City College, 71 Mo. App. 339.

GOODE, J.—The petition was in two counts, the first for injuries to plaintiff's residence and the second for injuries to the furniture it contained; but we are not concerned with the first count, as to which a nonsuit was taken.

The defendant for three years before the institution of this action operated a rock quarry and rock crushing machine about three hundred feet in the rear of plaintiff's home, which is on the south side of Laclede avenue in the city of St. Louis. The conduct of that work is alleged to have raised clouds of white lime dust which constantly drifted into the plaintiff's house, settled on her furniture and curtains and injured them; and there was testimony to support the case stated in the petition.

Complaint is made that the trial court refused to direct a verdict for the defendant on the ground that no damage was proven or definitely proven, inasmuch as plaintiff, who testified concerning the extent of the damage to the furniture, was not an expert. She swore she knew what the furniture was worth before defendant began the injurious work, as she had but recently bought it. She swore, too, as did other witnesses, what the effect of the dust was; how it scratched and marred the furniture and rotted the curtains. The damages were, therefore, proven in the best way possible, by showing facts from which the jury could form an opinion as to their amount. Kennedy v. Holladay, 25 Mo. App. (St. L.) 503; Spencer v. Railway, 120 Mo. 154. The award was moderate; only three hundred dollars.

Another error is assigned because the court refused an instruction requested by the defendant that the burden of proof was on the plaintiff and she must make out her case by a preponderance of the evidence. The only instruction of that kind presented was objectiona-

ble because it was to the effect that the burden was on the plaintiff "to establish by a preponderance of the evidence the facts necessary to a verdict in her favor under *her instructions.*" The court gave no instructions at the instance of the plaintiff, all that were given being of the court's own motion; and of these only one predicated the ground of recovery on the second count, the other two being formal charges about how many of the jury might find a verdict and about certain excluded testimony. A carefully-drawn instruction that the burden was on the plaintiff should have been given if requested, and we have no doubt would have been; but no error was committed in refusing the one requested, as it might have misled the jury.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.