## SACKMAN, Respondent, v. FREEMAN, Appellant.

St. Louis Court of Appeals, April 14, 1908.

1. **PRACTICE: Assumpsit: Verdict Less Than Proof Would Warrant.** In an action for commissions for selling real estate where the agreement asserted by the plaintiff was that he was to receive a fair and reasonable commission and the verdict was for a sum less than the witnesses swore was a fair and reasonable commission, it was not error.

2. ———: ———: **Contract.** A party may sue in assumpsit for the reasonable value of his services and he can recover although it turned out that he has a contract for a specific sum, but the verdict should not be in excess of the contract price.

3. ———: ———: **Instruction.** In such case, it would be proper for the court to instruct the jury that if they found the plaintiff had a contract they should render a verdict for the amount of the contract only, but the court should not direct the jury that if they found the contract they should find for the defendant.

Appeal from Cape Girardeau Court of Common Pleas.
*Hon. Benj. F. Davis,* Judge.

AFFIRMED.

*W. H. Miller* for appellant.

*Ed. L. Drum* and *Frank Kelly* for respondent.

Appellant complains that the instructions given on behalf of respondent were erroneous because they ignored a possible contract. Respondent denied there was a contract; appellant insisted there was one, and if appellant desired to submit that theory to the jury it was his duty to prepare a correct declaration of law containing that theory and if he failed to do so he can not now convict the court of an error in not doing for him what he failed to do for himself. Schlotzhauer v. Railway, 89 Mo. App. 71, 72; Bank v. Powers, 102 Mo. App. 415.

GOODE, J.—Defendant owned a part of lot 3, range C, fronting twenty-eight feet on Main street in the city of Cape Girardeau. He had a stock of liquors and cigars and also saloon fixtures in a building on the lot. Wishing to sell out he spoke to plaintiff about finding a purchaser and plaintiff interested M. W. Brannock in the property, who finally purchased it for $13,060, of which $10,000 was for the house and lot and the remainder for the merchandise and fixtures. Plaintiff's testimony proved defendant agreed to pay the reasonable value of plaintiff's services if he found a buyer. There is evidence, too, that the compensation was to be $50, but plaintiff swore this was to be so in case he sold only the stock of saloon merchandise and the fixtures and not the lot and building. In the brief for defendant it is conceded there was evidence to prove plaintiff was instrumental in bringing about the sale, but it is insisted he did so either as an act of friendship to plaintiff and with no expectation of payment, or that there was a contract fixing this compensation at fifty dollars; or, if there was no such contract, and defendant did not act from friendship,

130 App.—25

that he was entitled to the full amount sued for, to-wit: $653, or five per cent of the purchase price, and the jury erred in returning a verdict for him for only $200. Certainly there was evidence plaintiff acted from the expectation of reward, and evidence, too, that the compensation he should receive if he sold both the real estate and the personal property was the reasonable value of his services and not merely fifty dollars. Plaintiff swore defendant agreed to pay him "a fair and reasonable commission." Experts swore this would be, five per cent of the sale money; but though it was the duty of the jury to consider this testimony, they might award a smaller sum as the reasonable worth of plaintiff's services. [Kennerly v. Sommerville, 64 Mo. App. 75; Levitt v. Miller, Id., 147.] Defendant cannot predicate error on this action of the jury.

It is insisted the court erred in refusing to instruct that if the jury found there was a contract of employment fixing the compensation plaintiff was to receive for the sale of the property at fifty dollars, the verdict must be for defendant. This instruction was asked on the theory that as plaintiff had sued in assumpsit for the reasonable value of his services, he could not recover if there was a contract. Plaintiff might sue thus and recover though it turned out there was a contract, but his recovery could not exceed the contract price. [Veatch v. Norman, 95 Mo. App. 500, 508, 69 S. W. 472; Mansur v. Botts, 85 Mo. 651.] It is insisted again the instructions for plaintiff ignored the evidence tending to prove there was a definite contract regarding the sum plaintiff should receive as compensation. These instructions were predicated, on testimony showing there was no stipulation in the agreement as to the amount, but, instead, that plaintiff should be paid fair and reasonable compensation. It was right for the court to give instructions predicated on said testimony and directing the jury, if they found

the facts according to it, to return a verdict for the plaintiff for the reasonable value of his services. Defendant could have requested a properly drawn instruction based on such evidence as tended to show plaintiff was employed and his compensation fixed at fifty dollars for selling all the properties, and directing the jury if they found the facts accordingly, to return a verdict for plaintiff for fifty dollars. Instead of doing this, defendant asked an instruction denying plaintiff any recovery if the jury found the contract of employment fixed plaintiff's compensation at fifty dollars.

The judgment is affirmed. All concur.