[No. 5844.]

## FLEMING v. WELLS.

Principal and Agent — Compensation of Agent — Quantum Meruit—The customary commission of real estate brokers is admissible upon the value of services of one not so employed who assists in securing a sale of real estate; but it is not controlling. One who calls the attention of a neighbor desiring a home to a property offered for sale by another, without incurring any expense, or doing anything except to commend the property, and bring the parties together, is not entitled to the commission charged by brokers.—(259)

*Appeal from Denver County Court* — Hon. CHARLES McCALL, Judge.

Mr. W. W. DALE, for appellant.

Messrs. STUART & MURRAY, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee, as plaintiff, brought an action to recover the sum of $250.00 from appellants, as defend-

ants, for services claimed to have been rendered by her in effecting a sale of real estate belonging to them. The case was tried to the court, and judgment rendered in favor of plaintiff for the sum of $243.75. The defendants bring the case here for review on appeal.

The first point urged is that the judgment is not supported by the evidence. There is a decided conflict in the testimony as to whether or not plaintiff was ever employed by the defendants, or promised any compensation, to effect a sale of the premises in question; but as the issue thereon has been determined by the trial court in favor of plaintiff, we cannot disturb that finding on review.

The important question presented is, whether or not the judgment rendered is excessive. In order to determine the question, it is necessary to review the testimony bearing on the circumstances under which plaintiff claims her right to compensation, and also the testimony bearing on the subject of the value of her services.

Plaintiff and the party purchasing the property were near neighbors. The latter asked plaintiff if she knew of a desirable place for sale. Plaintiff told her about the property of defendants, and where it was located; that she admired it, and thought it desirable. Several weeks after this conversation, plaintiff asked the prospective purchaser, Mrs. Liverman, if she had seen the property, to which she replied she had not. Plaintiff told her she wished she would look at it, and Mrs. Liverman said she would do so. Some little time after this, plaintiff and Mrs. Liverman again had a conversation about the property, the latter saying that she liked it, but feared the price was more than she could afford to pay. Plaintiff then suggested that she had better see the owner, as she might be able to make a better deal.

This conversation occurred in plaintiff's house, and after Mrs. Liverman left, plaintiff called defendants up over the telephone, and had a conversation with one of the members of the firm, which she detailed as follows:

"I said: 'Have you heard to-day of a party looking at your house on Gilpin Street with a view to buying it?' He said: 'No, I have not.' I said: 'I have a neighbor who is looking for a house, and I didn't know but you might have heard of it.' He said no, he had not, and I said: 'She thinks the price is too high'; and he said: 'Perhaps she had better deal with the owner'; and I said: 'Yes, that was what I suggested to her; and had you not better go and see her?' He said: 'Yes, I will be glad to, if you will give me her name and address.' "

She then gave him the information requested, and, continuing, testified:

"I said: 'I should hope to hear from you if this deal goes through,' and I said: 'Will you remember me if you make the sale?' And he said: 'Certainly, I will.' "

Plaintiff was not engaged in the real estate business, never took Mrs. Liverman to examine it, and her efforts to effect a sale after her conversation with defendants seem to have been confined to statements to Mrs. Liverman to the effect that the house was a fine-looking one, that it was convenient to the car line, was not far from down-town, and was located in a good neighborhood. She learned that the property was for sale by noticing a sale sign posted on the premises.

Defendants negotiated a sale of the property to Mrs. Liverman for $7,250.00.

According to the testimony, real estate brokers in the city of Denver employed to sell real estate and effecting a sale are entitled, in the absence of

a special agreement, to the usual commission paid for such services. This commission is five per cent. on the first twenty-five hundred dollars, and two and one-half per cent. on the excess. A real estate broker engaged in business in the city, as a witness on behalf of the plaintiff, testified that the reasonable value of plaintiff's services was what the commissions would amount to on the sum for which the property was sold. It is evident, from his testimony, that he based this estimate upon the ground that one employed to sell, and effecting a sale of property, although not a real estate broker, was entitled to the same commission that a regular broker would be if there were no special agreement.

Another real estate broker in the city called as a witness on behalf of the defendants, to whom was submitted the statement on behalf of the plaintiff as to what she did in the way of effecting a sale, testified that as she was not a real estate broker, her services were not worth to exceed the sum of twenty-five dollars. The trial court determined that the reasonable value of plaintiff's services was $243.75. This sum is the amount of the usual commissions charged by real estate brokers on $7,250.00, the sum received by defendants from Mrs. Liverman for the property sold to her. It is evident from the views of the trial judge, that the sum awarded plaintiff was based entirely upon the ground that there was no difference, so far as compensation was concerned, between those regularly engaged in selling real estate and those not. Ordinarily, a judgment will not be reversed because the trial judge adopted a wrong reason in reaching a conclusion which might be right; but where it appears that a wrong reason was the result of a misconception of the law which caused him to reach a wrong conclusion under the testimony, his judgment should be reversed.

In an action for reasonable compensation by one employed to sell real estate and who effects a sale, but who is not regularly engaged in that business, evidence of the customary charges of real estate agents for such services is relevant, but such customary charges are not conclusive in fixing the compensation of the person making such sale in such circumstances.—*Kennerly v. Somerville*, 64 Mo. App. 75; *Erben v. Lorillard*, 2 Keyes (N. Y.) 567; 3 Sutherland on Damages (3d ed.), 451.

The right of one rendering services for another to have their value estimated under a *quantum meruit* upon a basis of commissions can only arise out of a general custom, so that where such custom exists in reference to certain kinds of business, any one actually or presumptively having knowledge of it, and employing the persons engaged in such business to perform services in their line without special contract, will be presumed to have done so with reference to such custom; but this rule only obtains where the persons employed are regularly engaged in the business to be transacted.— *Dyer v. Sutherland*, 75 Ill. 583.

Plaintiff was not engaged in the real estate business, so it cannot be assumed that defendants' promise to recompense her for the services she rendered was made with reference to, or upon the basis of, commissions usually charged by real estate brokers. In such circumstances, she would only be entitled to recover what her services might reasonably be worth, independent of the question of the usual commissions charged by brokers, although evidence of the customary commissions charged by real estate agents would be relevant to consider in fixing the value of her services. Defendants had never placed the property in her hands for sale. She learned that it was for sale through a sign placed on the premises.

She called the attention of Mrs. Liverman, her neighbor and friend, to the property. She never took her to see it; she incurred no expense whatever, or spent any time in trying to effect a sale. When she found that Mrs. Liverman was favorably impressed with the property, and thought possibly she might purchase it, she called up a member of the firm, gave him her name and address, and asked him if he would remember her if a sale was made to Mrs. Liverman, to which he replied he would. Thereafter all she did was to call the attention of Mrs. Liverman to the fact that the house was a nice one, was conveniently located, and in a good neighborhood. Certainly in such circumstances it is clearly apparent that the usual commissions charged by real estate brokers is many times in excess of what the reasonable value of plaintiff's services would be. The trial court was, therefore, clearly in error in determining that the services of plaintiff should be valued entirely on the basis of commissions usually charged by real estate brokers.

The judgment of the county court is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.

*Rehearing denied.*