# MARCH, 1925.

SHANKS BROTHERS, A PARTNERSHIP COMPOSED OF JOHN SHANKS AND CHARLEY SHANKS, RESPONDENTS, v. CHICAGO GREAT WESTERN RAILROAD COMPANY, APPELLANT.*

Kansas City Court of Appeals. May 4, 1925.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 504, n. 48; Dismissal and Nonsuit, 18CJ, p. 1149, n. 70; Trial, 38Cyc, p. 1267, n. 1.

*McCaffrey & Cook* for respondents.

*Shinabarger, Blagg & Ellison* for appellant.

BLAND, J.—This is a suit for damages alleged to have been sustained by plaintiff as the result of negligent delay in the transportation of a carload of cattle from Ravenwood, Missouri, to the stock yards at St. Joseph, Missouri. The petition prays for $91.37, alleged to have been lost by reason of decline in the market, extra shrinkage and feed. At the close of plaintiffs' case the following occurred: Defendant offered an instruction in the nature of a demurrer to the evidence and after "it had been considered by the court the court indicated that in his opinion plaintiffs' testimony was not sufficient to take the case to the jury." The record then recites "Whereupon plaintiff took an involuntary nonsuit with leave to move to set the same aside." A motion to set the nonsuit aside was filed by plaintiff and sustained by the court. Defendant has appealed.

Defendant alleges that the court erred in setting aside the nonsuit because it was a voluntary and not an involuntary one. There is no question but that the nonsuit was a voluntary one. [Greene County Bank v. Gray, 146 Mo. 568; McClure v. Campbell, 148 Mo. 96; Lewis v. Center Creek Mining Co., 199 Mo. 463; McDonnell v. G. B. Peck Dry Goods Co., 228 S. W. 759; Diamond Rubber Co. v. Wernicke, 166 Mo. App. 128; Hays Wood Products Co. v. Simmons Saddlery Co., 213 Mo. App. 434, 447.]

However, defendant has failed to call our attention to any statute which grants it the right to take an appeal under the circumstances. Section 1469, Revised Statutes 1919, which provides instances where an appeal may be taken does not mention an appeal from an order of the court setting aside a voluntary nonsuit. Defendant calls our attention to Coatney v. Railway, 151 Mo. 35; Cohn

v. Met. St. Ry. Co., 182 Mo. 577; Veatch v. Norman, 95 Mo. App. 500; State ex rel. v. Arnold, 197 Mo. App. 1. These were all cases where there was an appeal from an order setting aside an involuntary nonsuit taken by plaintiff. An appeal is allowed under such circumstances because the right of an appeal is given (section 1469) from "any order granting a new trial." In Coatney v. Railway, supra, l. c. 39, 40, the court said:

"The proceeding which results in a ruling that enforces a nonsuit is as much a trial as the proceeding which results in a verdict, and the judgment which follows an involuntary nonsuit is as final a disposal of the case in which it is rendered as is the judgment that follows a verdict in such case. The effect of the judgment on the cause of action involved is not the same in both cases. The cause of action being extinguished in the judgment on a verdict, but surviving the judgment on the nonsuit; but so far as the suit itself is concerned, it is as completely ended in the one case as the other. What is a trial? Our statute answers the question (section 2130, R. S. 1889): 'A trial is the judicial examination of the issues between the parties, whether they be issues of law or fact.' The proceeding in this case, then, amounted to a trial although it culminated on an issue of law, and the effect of sustaining the motion to set aside the nonsuit is nothing more than granting a new trial of that issue. Defendant therefore had a right to this appeal." There is quite a distinction between a voluntary and an involuntary nonsuit; in the former the court has not decided any issue while in the latter the contrary is true. It is because no decision has been rendered by the court in the case of a voluntary nonsuit that plaintiff is not forced to take a nonsuit and therefore he cannot complain of the court's refusal to set it aside. Our statute, section 1397, Revised Statutes 1919, defines a trial as "the judicial examination of issues between the parties, whether they be of law or of fact." [See, also, State v. Brown, 63 Mo. 439, 444; 38 Cyc. 1267.] How can there be a judicial examination of the issues between the parties when the case has been voluntarily discontinued by plaintiff before it has been submitted to the court or jury in order that there be such an examination? The word "trial" as used in statutes similar to ours embraces all the steps in the case, including its submission to the court or jury to the rendition of the judgment. [Hotsenpiller v. The State, 144 Ind. 9.]

It being apparent there is no right of appeal in a case of this kind, the appeal that defendant has sought to take is dismissed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.

## ON MOTION FOR A REHEARING.

BLAND, J.—Defendant insists that it has a right to an appeal because an order setting aside a voluntary nonsuit is a "special order

after judgment," "that the order made in entering a voluntary non-suit is a final judgment."

We pointed out in the original opinion that there has been no judgment in this cause and that fact is made more apparent by an examination of section 1410, Revised Statutes 1919, which permits the plaintiff to take a nonsuit "at any time before the same is finally submitted to the jury or to the court sitting as a jury and not afterwards." It has been held that plaintiff as a matter of right can take a voluntary nonsuit even without being given permission to do so by the court. [Derrington v. City of Poplar Bluff, 186 S. W. 561, 562, and cases therein cited.] It is quite plain that there has been no final judgment in this case. The case of Whitfield v. Light & Power Co., 271 S. W. 52, is not in point. That case involved an involuntary nonsuit.

The motion for a rehearing is overruled.