## ROBERTS *v.* GRAHAM.

1. In a suit against a common carrier for not carrying a party according to contract, the allegation of a breach "whereby the plaintiff was subjected to great inconvenience and injury," is not an allegation of special damage.
2. An objection of variance between allegation and proof must be taken when the evidence is offered. It cannot be taken advantage of after it is closed.

ERROR to the Circuit Court for the Northern District of California.

*Mr. Brady, for the plaintiff in error; Messrs. Carlisle and McPherson, contra.*

Mr. Justice SWAYNE stated the case and delivered the opinion of the court.

This is a writ of error to the Circuit Court of the United States for the Northern District of California.

Graham was the plaintiff in the court below. The complainant sets forth a contract, whereby Roberts agreed to transport him and his wife and child as first cabin passengers from New York to San Francisco, by the Panama route, and to furnish them with suitable accommodations, provisions, and supplies on the way.

Among other breaches, it is alleged that the defendant did not furnish them with first cabin fare, but that the child was furnished with only second cabin fare of the poorest quality; that he did not furnish them with suitable and proper accommodations, provisions, and supplies, but that on the contrary he overloaded the steamer Moses Taylor, on which they were conveyed from Panama to San Francisco, "with a number of passengers, wholly out of proportion to her size, and much greater than she could suitably accommodate, and that by reason thereof, the plaintiff and his wife and child were subjected to great inconvenience and injury."

In the course of the plaintiff's testimony he gave evidence tending to prove his illness, and that it was caused by ex-

posure, in his not having sufficient bed or berth clothing on the Moses Taylor; "that bed-clothing had been furnished him, but that he was compelled to deprive himself of it, in order to supply his child, which child had not been furnished with a berth or bed-clothing."

The evidence being closed, the defendant's counsel asked the court to instruct the jury, that in assessing the damages by reason of the sickness of the plaintiff himself during the voyage, they must exclude from consideration sickness arising from the want of sufficient bed-clothing on the Moses Taylor, because "there is no allegation in the complaint on which to base a recovery for such injuries, and because the allegation is, that the plaintiff's sickness was caused by exposure and detention at Panama, before the arrival there of the Moses Taylor."

This instruction the court refused to give. "And the said judge thereupon charged the jury that if they found from the evidence that the plaintiff's sickness and consequent injuries was caused by exposure by reason of not being furnished with a sufficient quantity of bed-clothing on the steamer Moses Taylor, then they must estimate the damages to plaintiff caused by such exposure and want of sufficient clothing or covering for his berth, and by his illness consequent thereon, and include such damages in their verdict."

To this refusal to instruct, and to the instruction given, the defendant excepted.

It is objected that the plaintiff was allowed to recover for a special damage not alleged in the complaint. As a general proposition, that cannot be done. Special damage, whether resulting from tort or breach of contract, must be particularly averred, in order that the defendant may be notified of the charge, and come prepared to meet it.

*Special*, as contradistinguished from *general* damage, is that which is the natural, but not the necessary, consequence of the act complained of. In this connection, in the case before us, two questions are presented for our consideration: Was the sickness of the defendant, alleged to have been in-

duced by his exposure on the Moses Taylor, *special damage,* within the rule of pleading on that subject? and if so, was the right of the defendant to object to a recovery upon that ground waived by his conduct at the trial?

The complaint avers that the defendant, by this breach of the contract, "was subjected to great inconvenience and injury."

It does not appear that the defendant objected to the admission of the testimony, that he moved to have it ruled out, or that he made any allusion to the subject until he asked the court, at the close of the argument, to instruct the jury, as shown by the bill of exceptions.

In *Ward* v. *Smith,*[*] the suit was upon a lease. The declaration averred that the defendant refused, "on request, to permit the plaintiff to take possession and have the use of the premises, whereby the plaintiff had sustained loss, and had been obliged to hire other premises at great cost and expense for rent and charges."

The plaintiff proved on the trial that the premises had been taken for his wife's business, who was a milliner, were advantageously situated for that trade, "and that by not being suffered to occupy them, he sustained considerable loss by the passing by of a profitable part of the year for that business in the meantime." The plaintiff recovered. It was urged by the defendant, upon a motion for a new trial, "that there was no special damage averred in the declaration, for that there were no particular customers named therein as having withdrawn their custom from the defendant's wife; and further, that there was no averment of the business of the wife, or that the plaintiff had sustained any loss in her business."

Richards, Chief Baron, said: "As to the objection of evidence of special damage having been admitted, there was, in fact, no special damage, as such, proved. The object of the witness's testimony was to show that the plaintiff *had sustained inconvenience.*"

---

[*] 1 Price, 19.

Baron Graham said, that no special damage had been proved. He added: "Loss of customers and general damage occasioned thereby, however, may have been given in evidence under this declaration; for it charges *general loss*, without specifying any particular individuals whose custom had been lost, and it was competent for the plaintiff to show *certain damages* sustained by breach of the agreement in this action, *without stating his loss more specially in the declaration.*"

It would not be easy to distinguish that case, as to the point under consideration, from the one before us. It is of undoubted authority, and is conclusive.

The objection of variance not taken at the trial, cannot avail the defendant as an error in the higher court, if it could have been obviated in the court below; nor can it avail him on a motion for a new trial.* If parol evidence be received without objection, to prove the contents of a record, it is sufficient for that purpose.† In *McMicken* v. *Brown*,‡ the defendant made no objection to the introduction of the testimony, but prayed the court to instruct the jury that it was insufficient to warrant a verdict against him. The jury found for the plaintiff. It was held by the appellate court that he should have objected to the admission of the evidence, and that not having done so, he was concluded by the verdict. The judgment was affirmed.

In the case before us the plaintiff was entitled to be apprised of the objection if it were intended to be relied upon, at an earlier period in the progress of the trial. The court would doubtless have permitted an amendment if deemed necessary, upon such terms as the interests of justice might seem to require.

The defendant's right to make the objection was waived and concluded by the delay. He could not make it at the time and in the manner it was presented.

---

* Mosher v. Lawrence & Westcott, 4 Denio, 421; Lawrence v. Barker, 5 Wendell, 305.

† Newberry v. Lee, 3 Hill, 523.

‡ 6 Martin, N. S. 86; see also Goslin v. Corry, 7 Manning & Granger, 347; and Doe v. Benjamin, 9 Adolphus & Ellis, 644.

Upon both grounds we hold that the rulings of the Circuit Court were correct.

JUDGMENT AFFIRMED.