## STEINFELD v. STORM.

(City Court of New York, General Term. April 5, 1900.)

1. PRINCIPAL AND BROKER—CONTRACT—FURNISHING PURCHASER—COMMISSIONS.
    Where, by the terms of a contract, defendant agreed to pay $1,500 as commission to a broker for furnishing a $25,000 cash purchaser for certain property owned by defendant, the furnishing of a $20,000 purchaser is not a performance of the contract, and plaintiff cannot recover commissions under the terms of the contract.

2. SAME—QUANTUM MERUIT.
    Where the plaintiff was to receive $1,500 for furnishing a $25,000 cash purchaser, and furnished one who purchased at $20,000 cash, he cannot recover proportionate commissions on the lesser sum, or what his services were reasonably worth, when he did not declare on a quantum meruit.

Appeal from trial term.

Action by one Steinfeld against one Storm. From a judgment in favor of defendant, and from an order denying a motion for a new trial on the minutes, plaintiff appeals. Affirmed.

Argued before McCARTHY, O'DWYER, and HASCALL, JJ.

D. S. Decker, for appellant.

HASCALL, J. Appellant's assignor, Mr. Wolfe, is a real-estate broker, and had had a business transaction with the defendant concerning the sale of an undivided one-sixth interest in property at 287 Broadway, in this city. It is in evidence that defendant agreed to give him $1,500 if he procured a purchaser satisfactory to her, and sold the property for $25,000 cash. The plaintiff himself testifies that Mr. Boyd, another broker, jointly with him, found a purchaser who finally bought the property. The defendant claims that she herself disposed of the property for $20,000 to Mr. Lawrence, and that she did not owe the plaintiff, nor any other person, any sum whatever for commission. She admits that she did have a written contract with him, under which he might sell, but alleges that she never heard from him about it, and that the contract had expired after 25 days; that Wolfe did not introduce the purchaser to her, nor did he introduce any one else, and, after the contract had expired, that the memorandum thereof was torn up, and thrown in the scrap basket; that she never heard of Mr. Lawrence until the deed was signed, never saw him before the transfer, and that she never in fact saw Wolfe, the broker, until he called for his commission. Witnesses on both sides corroborate the contention that subsequently there was another agreement between the parties; and the written paper in the case, a carefully prepared and duly-executed instrument, specifically recites that there should be an actual sale, and payment to defendant of the sum of $25,000 cash, and not otherwise, in which event defendant was to pay the sum of $1,500 for all commissions, costs, charges, expenses, including examination and passing of title, and that no sort of charge should be made or be binding upon defendant unless actual sale should be made, and the sum of $25,000 cash be paid to her. It was further stipulated that said agreement should not be assignable by Wolfe, and was limited to expire within five days after its

date and execution. The case went to the jury under an able charge, in which the court very carefully reviewed the principal items of evidence, and a correct instruction concerning the law governing the question of principal and broker. The jury found a verdict for the defendant, and the questions arising now for solution are entirely those of law upon the instruction to the jury that, if they found that plaintiff was to procure a purchaser at $25,000, and brought one willing only to pay $20,000, then plaintiff had failed in performance, and could not recover.

The point is raised by the appellant that the evidence discloses that, notwithstanding the property was sold for a less sum than that stipulated in the agreement, still plaintiff would be entitled to a commission proportionate in amount. We think this would be so if plaintiff had declared upon quantum meruit, and been content with the customary charge made in the city of New York, and not endeavored to enforce the strict letter of his contract upon the defendant, notwithstanding that a less consideration had been received by her. There is no doubt but that the law is correctly stated by the appellant concerning the earnings of the commission when the result of the broker's effort brings purchaser and seller together, and a sale ensues. But, even in the face of express contract, the broker cannot enforce a claim for greater than the statutory or customary rate if the vendor chose to dispute his claim, and in the case at bar we think the jury were right in finding, upon all the evidence, that the allegations of the complaint had not been maintained, and the contract fulfilled, on the part of plaintiff. We do not think the remarks of the trial justice, therefore, misled the jury in arriving at their conclusion. The court interpreted the written contract, and thereupon the jury found the facts.

Judgment and order affirmed, with costs and disbursements. All concur.