# NASHUA SAVINGS BANK *v.* ANGLO–AMERICAN LAND, MORTGAGE AND AGENCY COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 167. Submitted January 29, 1903.—Decided March 16, 1903.

1. The expression in section, 721 Rev. Stat. (the " laws of the several States ") in regard to the authentication of foreign statutes applies not only to statutes of the States but to the decisions of their highest courts.
The Circuit Court of the United States, sitting in New Hampshire, may receive as evidence, when attached to the deposition of the manager of a corporation, who is an attorney and solicitor of the Supreme Court of Judicature in England of thirty years' standing, intimately acquainted with the English Corporation Laws, what purport to be the copies of the laws under which such corporation was organized, and which he testifies were issued by authority, being printed by Her Majesty's printer, and as such, are by law receivable in evidence without further proof, in the domestic courts of Great Britain.
2. By subscribing to the stock in a foreign corporation, the subscriber subjects itself to the laws of such foreign country in respect to the powers and obligations of such corporation, and if the statute under which the

corporation is organized and the by-laws of the corporation provide that the directors may from time to time make such calls as they think fit upon members for all moneys unpaid on shares of stock, it is not necessary for the declaration to contain averments either as to the conditions upon which the corporation can make assessments or that the assessments sued for were necessary.

There is a presumption of good faith attaching to foreign as well as to domestic corporations.

Variances between the allegation and proof must be taken when the evidence is offered, and if such evidence be sufficient to support the verdict the defect in the declaration is cured.

Where the bill of exceptions contains nothing to indicate that the call for assessments was not properly made and does not show that it contains *all* the evidence, this court is at liberty, if the circumstances of the case require it, to infer that there was other evidence to support the verdict. The sufficiency of evidence cannot be reviewed on writ of error.

3. Where it appears by the articles of association that the remedy by forfeiture and sale for non-payment of assessments is cumulative, such remedy is not a bar to an action at law for the debt, and such sale or forfeiture is not a condition precedent to the right to recover the assessments.

4. Where the statute under which a corporation is organized provides that moneys payable in pursuance of the articles of the company shall be deemed a debt due by such member, it is not necessary to prove an express promise to pay an assessment.

THIS was an action by the defendant in error, a British corporation, in the Circuit Court for the District of New Hampshire, against the Nashua Savings Bank, a New Hampshire corporation, to recover an assessment made by such corporation in pursuance of its charter and by-laws, upon defendant's subscription to a thousand shares of its stock.

The case was tried before the Circuit Judge and a jury, and resulted in a verdict for the plaintiff by direction of the court, and a judgment against the bank in the sum of $7131.10, which was affirmed on writ of error by the Circuit Court of Appeals. 108 Fed. Rep. 764.

*Mr. J. S. H. Frink* and *Mr. A. T. Batchelder* for petitioner.

It is elementary law that the statutes of Great Britain are facts, of which this court does not take cognizance without proof. *Liverpool G. W. Steam Co.* v. *Insurance Co.*, 129 U. S. 445.

The ordinary modes of proof are: (1) By exemplification un-

der great seal. (2) By certificate of an officer having authority to make it. (3) By testimony from comparison with original enrollment. *Church* v. *Hubbart*, 2 Cranch, 187, 238; *Emery* v. *Berry*, 28 N. H. 485, in which the distinction between proof of written and unwritten foreign law is recognized. The Circuit Court recognized the modes of proof, as above suggested, as the appropriate ones, but held that the strict rule had been relaxed in New Hampshire in *Hall* v. *Costello*, 48 N. H. 176.

In the *Sussex Peerage Case*, 11 Clark & F. 35, it was held that the witness might refresh his memory by reference to the written law, but the proof of the law is to be from the witness, not the book.

The witness's testimony has not added a word to the copies of the statute. If it is enough to present a portion of the enactment of a foreign country, purporting to be printed by authority, without any verification, then these statutes have been proven, otherwise not. *Beach* v. *Workman*, 20 N. H. 379, 383.

The general rule as to the proof of foreign laws is that the law which is written, that is, statute law, must be proved by a copy properly authenticated, and that the unwritten law must be proved by the testimony of experts, that is, by those acquainted with the law. *Ennis* v. *Smith*, 14 How. 400; *Pierce* v. *Indseth*, 106 U. S. 546, 551.

It would seem, in the case last cited, the state statute permitted proof very similar to that attempted by plaintiff, but it would have been inadmissible but for such statute; we repeat, no law of New Hampshire justifies it.

Courts of one country cannot take cognizance of the laws of another without plea or proof. *Bank of North America* v. *Rindge*, 154 Massachusetts, 203; *Hancock Nat. Bank* v. *Ellis*, 166 Massachusetts, 414.

In the absence of any proof that this call was made for the payment of debts or other obligations of the plaintiff corporation, or that the suit was instituted or carried on for the benefit of creditors, there can be no recovery in the absence of an express promise to pay. *Upton* v. *Tribilcock*, 91 U. S. 45; *Webster* v. *Upton*, 91 U. S. 65; *Chubb* v. *Upton*, 95 U. S. 665, cited and distinguished.

Petitioner's contention is:

(1.) That plaintiff offered no evidence as to what the law of Great Britain is to collect calls or assessments, in the absence of an express promise to pay, and without evidence of the necessity of such calls or assessments to pay debts, when the articles of association provide for a forfeiture of stock. (2.) There being no evidence as to the law of Great Britain, the court must assume that the law of Great Britain in this behalf is the same as that of New Hampshire. (3.) The law of New Hampshire declares that no such action can be maintained. *Kelley* v. *Kelley*, 161 Massachusetts, 111; *Whidden* v. *Seelye*, 4 Maine, 247.

Whether an action of assumpsit or debt would lie in Great Britain to enforce this assessment or call, or whether there must be proof of its necessity, or whether remedy must be had by forfeiture and sale in the first instance, or exclusively, the plaintiff has offered no evidence; Great Britain being an alien country, the burden was on plaintiff to prove its laws. *Liverpool Steam Co.* v. *Phœnix Ins. Co.*, 129 U. S. 397, 445; *Pierce* v. *Indseth*, 106 U. S. 546, 551.

The law of New Hampshire in this behalf is well settled, that when an act of incorporation gives no express remedy against a member for assessments, he is liable to no action for them by virtue of his membership. *Franklin Glass Co.* v. *Alexander*, 2 N. H. 381; *Anglo Am.* v. *Dyer*, 64 N. E. Rep. 46; *Railroad* v. *Johnson*, 30 N. H. 390; *Company* v. *Burlingame*, 67 N. H. 301; *Shattuck* v. *Robbins*, 68 N. H. 565.

No reason appears why this court should not follow the law as administered in New Hampshire, and there are potent reasons why it should. *Burgess* v. *Seligman*, 107 U. S. 20, 34; *Mandel* v. *Swan Land & Cattle Co.*, 154 Illinois, 177; *R. R. Co.* v. *Bank*, 102 U. S. 14, 58.

*Mr. Omar Powell, Mr. Gilbert A. Davis* and *Mr. Daniel A. Cady* for respondent.

Foreign statutory laws may be proved: (1) by a duly certified copy; (2) by a sworn, compared, written copy; or (3) by a printed copy produced by a licensed practicing attorney of the foreign country authenticated by his oath as having been offi-

cially printed and receivable in evidence in that country without further proof. *McNeil* v. *Holbrook,* 12 Peters, 84–89; *Conn. Mut. Life Ins. Co* v. *Union Trust Co.,* 112 U. S. 250–255. In New Hampshire the rule is still more liberal than that followed in this case. *Hall* v. *Costello,* 48 N. H. 176; *Kennard* v. *Kennard,* 63 N. H. 303; *State* v. *Davis,* 69 N. H. 350; *Barrows* v. *Downs & Co.,* 9 R. I. 446; *The Pawashick,* 2 Lowell, 142; *Jones* v. *Maffet,* 5 S. & R. 523; *Lacon* v. *Higgins,* 3 Stark. 178; *Merrifield* v. *Robbins,* 8 Gray, 150.

There is no reason for a more strict rule. Authentication is a question for the court. *Church* v. *Hubbard,* 2 Cranch, 238; *Ennis* v. *Smith,* 14 How. 426; *Pacific Gas Co.* v. *Wheelock,* 80 N. Y. 278; *Dundee Mortgage, Trust & Investment Co.* v. *Cooper,* 26 Fed. Rep. 665.

Section 140 provides that if a non-resident stockholder shall "neglect to give his address" the office of the company shall be deemed his address. This is a very reasonable requirement. No wrong is done. Even if this paragraph was invalid, the petitioner had due notice and actual knowledge of the call. By becoming a stockholder, the petitioner subjected himself to the laws of England governing the respondent company and all reasonable rules of the company. *Canada Southern R. R. Co.* v. *Gebhard,* 109 U. S. 527; *Hudson River Pulp and Paper Co.* v. *H. H. Warner,* 99 Fed. Rep. 187; *Mandel* v. *Swan Land & Cattle Co.,* 154 Illinois, 177.

A sale or forfeiture of the petitioner's shares was not a condition precedent to the respondent's right to recover calls.

In the absence of fraud, a stockholder cannot question the wisdom or necessity of a call. *Oglesby* v. *Attrill,* 105 U. S. 605–610.

A stockholder cannot question the necessity or advisability of a call. Cook on Stockholders, §§ 111, 113. A call made by directors is conclusive evidence of its necessity, and binds the stockholder without notice. *Great Western Telegraph Co.* v. *Purdy,* 162 U. S. 339; *Bailey* v. *Birkenhead,* 12 Beav. 443; *Anglo American &c. Co.* v. *Dyer,* 64 N. E. Rep. 416; 2 Thomp. Corp. § 1710.

Whether the court erred in directing a verdict requires a

consideration of the evidence as a whole. This question is not before the court as all of the evidence was not included in the bill of exceptions nor does it purport to contain all of the evidence. *Texas & Pacific R. R.* v. *Coxe*, 145 U. S. 593–606; *Hansen* v. *Boyd*, 161 U. S. 397; *City of Providence* v. *Babcock*, 70 U. S. 240–244; *U. S. Mutual Accident Assn.* v. *Robinson*, 74 Fed. Rep. 10.

Every presumption is in favor of the correctness of the decision of the trial court. *United States* v. *Patrick*, 73 Fed. Rep. 800–806.

The accepting and holding of the shares by the petitioner upon these conditions created an implied if not an express promise to pay the balance when called. *Tucker* v. *Haughton*, 63 Massachusetts, 350; *Buffalo &c. Ry. Co.* v. *Dudley*, 14 N. Y. 351; *Howarth* v. *Lombard*, 175 Massachusetts, 574; *Webster* v. *Upton*, 91 U. S. 67; *Upton* v. *Tribilcock*, 91 U. S. 45–48; *Palmer* v. *Lawrence*, 3 Sandf. (N. Y.) 9.

A corporation organized under a foreign government stands in this respect upon the same footing as corporations of other States. *Bank* v. *Earle*, 13 Peters, 589; *The British American Land Co.* v. *Ames*, 6 Met. 391; Story, Conflict of Laws, §§ 5–65; 2 Morawetz Corp. §§ 960–961; 6 Thompson on Corporations, § 7883.

Petitioner's share certificate expressly bound him to an English contract. *Milliken* v. *Pratt*, 125 Massachusetts, 374.

The acts of this company in the management of its internal affairs must have that presumption of validity that will be accorded to the acts of individuals, or to state it more correctly the burden was upon petitioner to show irregularity or invalidity. *Can. So. Ry.* v. *Gebhard*, 109 U. S. 527.

The verdict is the conclusion of the court based upon the *facts* in evidence and as stated in another part of this brief, it can only be reviewed by consideration of *all* the evidence.

If it be claimed that there is a variance between the declaration and the proofs we answer: (1) that can only be decided by an examination of all the evidence which is not before the court;— and (2) that to save the right of objection upon the ground of variance the party must object to the admission of

the evidence when it is offered and if he does not do so it is waived. *Roberts* v. *Graham*, 6 Wall. 578; *Boston & Albany R. R. Co.* v. *O'Reilly*, 158 U. S. 334; *Graves* v. *State*, 121 Indiana, 359; *Dunstan* v. *R. R. Kirkland*, 3 Hughes, 641; *S. C.*, Fed. Cas. 4181.

If the objection be not taken when the evidence is offered, the court may instruct the jury upon the whole field of inquiry covered by the evidence. *Boyce* v. *California Stage Co.*, 25 California, 460; Rev. Stat. § 954.

As the common law rules of pleadings prevail in New Hampshire it is submitted that the *debitatus assumpsit* is the proper form of action. 1 Chitty on Pleadings (13th Amer. ed.), * 340, * 341, * 401, * 106; 2 Chitty Pleadings, * 52; *Davis, Treasurer,* v. *Williams, Administrator,* 3 East, 232; *Pullman* v. *Upton*, 96 U. S. 328; *Mandell* v. *Swan Land Co.*, 154 Illinois, 177; 1 Chitty on Pleadings, 197, * 198; *Dermott* v. *Jones*, 2 Wall. 1–9.

Mr. Justice Brown, after making the foregoing statement, delivered the opinion of the court.

The assessment in question had been made by the directors of the company, in pursuance of their amended articles of association, which declared that "the directors may, from time to time, make such calls as they think fit upon the members in respect of all moneys unpaid on their shares, and each member shall pay the amount of every call so made upon him to the persons, and at the times and places appointed by the directors."

1. In order to prove the incorporation of the plaintiff company, as well as the liability and rights of the stockholders, the deposition of an attorney and solicitor of the Supreme Court of Judicature in England, who was also managing director of the plaintiff company, was read in evidence. His testimony showed that the plaintiff was a corporation organized with limited liability under five different acts of Parliament, from 1862 to 1880, copies of which he produced and delivered to the commissioner, stating that these copies were "issued by authority, being printed by Her Majesty's printer, and are as such by law receivable in evidence without further proof." To the

admission of the statutes the defendant excepted upon the ground that they were not proved according to the established rules of law.

As these statutes were the basis of the plaintiff's corporate existence, and its right to bring this action, they must undoubtedly be proved as facts. *Liverpool Steam Co.* v. *Phenix Ins. Co.*, 129 U. S. 397, 445. While it was stated by this court in the early case of *Church* v. *Hubbart*, 2 Cranch, 187, 238, that foreign judgments are usually and most properly authenticated either by an exemplification under the great seal, by a copy proved to be a true copy, or by the certificate of an officer authorized by law, which certificate must itself be properly authenticated, the Circuit Court of the United States sitting in New Hampshire may, under Rev. Stat. sec. 721, declaring that "the laws of the several States," with certain exceptions, "shall be regarded as rules of decision in trials at common law, in the courts of the United States," receive such evidence of the authentication of foreign statutes as the practice of the courts in that State may authorize and justify. *McNiel* v. *Holbrook*, 12 Pet. 84, 89 ; *Conn. Life Ins. Co.* v. *Union Trust Co.*, 112 U. S. 250, 255 ; *Vance* v. *Campbell*, 1 Black, 427. The "laws of the several States" with respect to evidence within the meaning of this section apply not only to the statutes but to the decisions of their highest courts. *Bucher* v. *Cheshire Railroad Co.*, 125 U. S. 555, 582 ; *Ex parte Fisk*, 113 U. S. 713, 720 ; *Ryan* v. *Bindley*, 1 Wall. 66.

The law of New Hampshire upon this subject appears to have been settled in *Hall* v. *Costello*, 48 N. H. 176, in which an attorney, resident in New Hampshire, who had gone to Canada to investigate Canadian law, was permitted to state orally what he found the law to be, as embodied in the Queen's proclamation of neutrality. To same effect are *Barrows* v. *Downs*, 9 R. I. 446 ; *Jones* v. *Maffet*, 5 S. & R. 523. There is an even greater reason for permitting a local attorney, of thirty years' experience, who, as he states, was intimately acquainted with the English company or corporation laws, to produce as evidence of such laws copies of the statutes printed by authority

of the English government, and used as proofs of statutes in the English courts.

It would appear that such authentication of foreign laws would be deemed sufficient in the English courts, as in *Lacon* v. *Higgins*, 3 Starkie, 178, it was held that the French code was sufficiently proved by a witness—a French vice consul—who produced a book printed by authority of the French government, which the witness stated contained the French code, upon which he acted in his office as vice consul. In most, if not all, of the States of this Union statutes have been passed permitting laws of sister States to be proved simply by the production of a book containing what purports to be an authorized edition of such laws printed by state authority. *Emery* v. *Berry*, 28 N. H. 473. While the same liberality is not extended to foreign laws required to be proved as facts, it would seem like sticking in the bark to hold that a foreign expert might testify orally as to what such laws were, and not be able to produce what purports to be the official edition of such laws, and to testify as to the authenticity of such edition, and to the fact that it was received as evidence in the domestic courts of that country. To the average mind it would seem as though there was much less liability to mistake in a printed copy of a statute from the official printer, than in a copy written and compared by an ordinary scrivener. The evidence was properly received.

2. Exception was also taken to the declaration, in that it contained no averment or allegation upon what conditions the plaintiff was authorized to make assessments. In this connection it is insisted that the declaration should have averred that such an assessment was necessary to pay the debts of the plaintiff, or was made for the benefit of its creditors; that it is also defective in that it contains no averment of notice of such assessment to defendant; or that defendant ever made an express promise to pay such assessment; and no direct allegation that defendant was a stockholder at the time the assessment was made. It appears, however, by the act of 25 and 26 Vic. chap. 89, "for the incorporation, regulation, and winding up of trading companies and other associations," that the articles

of association, " when registered, shall bind the company and the members thereof to the same extent as if each member had subscribed his name and affixed his seal thereto, and there were in such articles contained a covenant on the part of himself, his heirs, executors, and administrators, to conform to all the regulations contained in such articles, subject to the provisions of this act; and all moneys payable by any member to the company, in pursuance of the conditions and regulations of the company, or any of such conditions or regulations, *shall be deemed to be a debt* due from such member to the company, and in England and Ireland to be in the nature of a specialty debt." It also appeared by the articles of association of the plaintiff corporation, No. 3, " that every person who has accepted any share or shares in this company, and whose name is entered in the registry of members, and no other person, shall be deemed to be a member." These regulations also contained the provision heretofore mentioned, that the directors might from time to time make such calls as they think fit upon the members in respect of all moneys unpaid on their shares. The board of directors is thus constituted a tribunal to determine when and to what amount assessments shall be made upon the unpaid shares of stock. By subscribing to stock in a foreign corporation, defendant subjected itself to the laws of such foreign country in respect to the powers and obligations of such corporation. *Canada Southern Ry. Co.* v. *Gebhard*, 109 U. S. 527; *Relfe* v. *Rundle*, 103 U. S. 222.

In the absence of fraud the necessity for an assessment upon the capital stock cannot be made the subject of inquiry by the courts. As was said by Mr. Justice Field in *Oglesby* v. *Attrill*, 105 U. S. 605, 609: " As to the wisdom of an assessment, or its necessity at the time, or the motives which prompt it, the courts will not inquire, if it be within the legitimate authority of the directors to levy it, and the objects for which the company was incorporated would justify the expenditure of the money to be raised. They will not examine into the affairs of a corporation to determine the expediency of its action, or the motives for it, when the action itself is lawful." *Bailey* v. *Birkenhead &c. Railway Co.*, 12 Beav. 433; see also Cook on

Stockholders, sec. 113 ; *Great Western Telegraph Co.* v. *Purdy*, 162 U. S. 329. Whether such assessment could be impeached by showing that the corporation was not a *bona fide* enterprise, or had never actually engaged in business, or become a going concern, or that the assessment was made unnecessarily and in bad faith, or that a discrimination was made against foreign stockholders, it is unnecessary to determine, since no evidence to that effect was offered on behalf of the defendant. Certainly, under the cases above cited, it would be unnecessary in order to make a *prima facie* case to negative these facts. There is a presumption of good faith attaching as well to foreign as to domestic corporations.

The trial proceeded under the third count of the declaration, which was in *indebitatus assumpsit,* and no objection was made to the evidence offered upon the ground of variance. Under such circumstances, and without expressing an opinion as to the admissibility of the evidence offered, the declaration is good after verdict. In *Roberts* v. *Graham,* 6 Wall. 578, we held that variances between the allegation and proof must be taken when the evidence is offered, and if such evidence be sufficient to support the verdict the defect in the declaration is cured. *Patrick* v. *Graham,* 132 U. S. 627.

The court in charging the jury in this case instructed them that there was no doubt the call for this assessment had been properly proved; that the only possible question which could have arisen was whether or not certain persons were directors of the corporation at the time of the call, and that as the amended articles of the association provided that calls might be made by the directors, there was no doubt that the call in question was properly made.

As the bill of exceptions contains nothing to indicate that the call was not properly made, and does not show that it contained *all* the evidence in the case, we should be at liberty, if the circumstances of the case required it, to infer that there was other evidence to supply any defect in respect to the legality of the call. *Hansen* v. *Boyd,* 161 U. S. 397; *City* v. *Babcock,* 3 Wall. 240 ; *United States* v. *Patrick,* 73 Fed. Rep. 800. The sufficiency of the evidence cannot be reviewed on writ of

error. *Generes* v. *Campbell*, 11 Wall. 193, 199 ; *Dower* v. *Richards*, 151 U. S. 658.

It appears from the testimony of the secretary of the company that a notice of the call was posted up in a conspicuous place in the register's office of the company for more than a month before the call was payable, and in addition thereto a printed notice of the call was also forwarded to the defendant bank. This was a sufficient compliance with article 140 of the articles of association, which provides that " if any member resident out of the United Kingdom neglect to give such address as is herebefore required, notice from him may be posted up in a conspicuous place in the register's office of the company, and for all the purposes of these regulations the register's office of the company shall be deemed to be the registered place of abode of such member.".

3. A sale or forfeiture of defendant's shares was not a condition precedent to the right to recover this assessment. While a remedy by forfeiture is given by the articles of the association, this remedy is cumulative, and is no bar to an action at law for the debt. This is clearly intended as a concurrent remedy.

4. Nor do we think there was any necessity of proving an express promise to pay this assessment. The English statute above quoted provides that all moneys payable by any member in pursuance of the articles of the company shall be deemed a *debt due by such member* of the company, and as this statute implies a promise to pay from a subscription to the shares, it clearly obviates the necessity of proving an express promise. *Upton* v. *Tribilcock*, 91 U. S. 45 ; *Webster* v. *Upton*, 91 U. S. 65 ; *Chubb* v. *Upton*, 95 U. S. 665 ; *Howarth* v. *Lombard*, 175 Massachusetts, 570, 574. Although the law of New Hampshire seems to be that in the absence of an express promise no personal action will lie, *Shattuck* v. *Robbins*, 68 N. H. 585, yet even there an obligation created by the charter is treated as the equivalent of an express promise. Cook on Stockholders, sec. 71 ; *Anglo-American Co.* v. *Dyer*, 181 Massachusetts, 593.

There was no error in the action of the court below, and its judgment is therefore

*Affirmed.*