PREISS v. ZITT.

(Circuit Court of Appeals, Eighth Circuit.   October 6, 1906.)

No. 2,341.

PLEADING—VARIANCE—DEFECTS CURED BY VERDICT.

Objection to a variance between averment and proof must be taken when the evidence is offered, and, if not so taken, and the evidence is sufficient to support the verdict, mere defects of averment are cured.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1438.]

In Error to the Circuit Court of the United States for the District of Minnesota.

J. D. Sullivan, for plaintiff in error.
Geo. H. Reynolds, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. The question in this case is one of pleading and practice. Zitt sued Preiss for a broker's commission earned by procuring purchasers for shares of stock in a brewing company owned by the latter upon terms previously agreed upon. The verdict and judgment were for the plaintiff. The defendant, who prosecutes this proceeding in error, contends that there was a variance between the averments and the proofs, and that recovery was allowed upon a cause of action not set forth in the pleadings. The petition averred the employment of the plaintiff, the price defendant was to receive for the stock, and the agreed percentage of plaintiff's commission. There was no controversy over these matters. It was further averred that plaintiff procured parties who were ready, able, and willing to make the purchase at the price named and upon the terms and conditions agreeable to defendant in accordance with the agreement between them; also that the plaintiff had fully performed everything. to be done by him. In his answer the defendant claimed that the parties produced by plaintiff required as a condition to their purchase that he enter into a written contract not to engage in the brewing business in his city or vicinity for 10 years, that he never authorized plaintiff to make such terms, and that he never agreed to sell his stock with that restriction imposed upon him. The plaintiff replied by a general denial excepting as to admissions contained in the answer.

At the trial there was evidence on behalf of plaintiff that during the negotiations the defendant agreed to the condition mentioned, and thereafter, when he brought his purchasers to defendant's city to close the transaction, defendant again assented, but on the following day repudiated his agreement and refused to make the sale unless he was left at liberty to enter into a competitive business, and upon this the parties split. The defendant interposed no objection to the evidence when it was offered and received. On the contrary, he assisted the plaintiff in eliciting it. He waited until after plaintiff's case was made, and then moved for a directed verdict upon the ground that the cause of action pleaded was not the one that was proved. His motion being

overruled, he proceeded with evidence in defense. It is claimed that by the denial in the reply the plaintiff traversed the averment in the answer that the parties he produced required as a condition to their purchase that defendant contract to abstain from a competing business, and that plaintiff, having tendered such an issue, should not be permitted to recover upon proof that the condition mentioned was one of the terms agreed upon. The contention of defendant is devoid of merit. It is well settled that objection to a variance between averment and proof must be taken when the evidence is offered, otherwise it will be deemed to have been waived. If the evidence is sufficient to support the verdict, and it was in this case, mere defects of averment in the pleadings are cured. Nashua Savings Bank v. Anglo-American Co., 189 U. S. 221, 231, 23 Sup. Ct. 517, 47 L. Ed. 782; Roberts v. Graham, 6 Wall. (U. S.) 578, 18 L. Ed. 791. But, more than this, the plaintiff's petition was so framed as to fully cover the cause of action proved at the trial, and a reasonable construction of his reply, viewed in its connection with the preceding pleadings, is that it tendered an issue, not as defendant asserts, but upon the averment in his answer that he never authorized plaintiff to sell his stock with a restriction upon his future business, and that he never agreed to such a restriction. This was the issue fairly made, and it was the one that was tried. The evidence fully warranted the verdict for the plaintiff, and the judgment was for the right party.

The judgment is affirmed.