## PHŒNIX SECURITIES CO. v. DITTMAR.

(Circuit Court of Appeals, Ninth Circuit. July 12, 1915.)

No. 2525.

1. APPEAL AND ERROR ⊙⧵219—REVIEW—GENERAL FINDING BY COURT.

Under Act March 3, 1865, c. 86, § 4, 13 Stat. 501 (Rev. St. §§ 649, 700 [Comp. St. 1913, §§ 1587, 1668]), providing that the court's finding on the facts, where the case is submitted to it by written consent to waive a jury, shall have the effect of a verdict, and its rulings during the trial, excepted to at the time, may be reviewed, if presented by bill of exceptions, and if the finding is special the sufficiency of the facts found to support the judgment may be reviewed, the general finding in such a case is not reviewable, except where there is no evidence to support it, and then only when the question was expressly presented to the trial court and exception saved to its ruling thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1315, 1317–1320, 1322, 1323; Dec. Dig. ⊙⧵219.]

2. BROKERS ⊙⧵82—COMPENSATION—REASONABLE VALUE—PLEADING AND PROOF.

One of the counts, in a broker's action for a commission on a sale, being for the reasonable value of his services, he though not showing a promise to pay the reasonable value or any amount, yet showing a contract establishing the relation of agency, and that defendant took the benefit of what he did in pursuance of the contract and appropriated his services, may show and recover the reasonable value.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. ⊙⧵82.]

3. PLEADING ⊙⧵430—VARIANCE—WAIVER.

Right to predicate error on the ground of variance, on the admission of evidence of the reasonable value of plaintiff's services, because there was no evidence of the express promise alleged to pay such reasonable value, was waived by failure to present specifically that ground of objection when the testimony was offered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1438–1441; Dec. Dig. ⊙⧵430.]

In Error to the District Court of the United States for the Second Division of the Northern District of California; Wm. C. Van Fleet, Judge.

Action by M. E. Dittmar against the Phœnix Securities Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error was the plaintiff in an action at law to recover a commission upon a sale of mining properties. The plaintiff in Californa conducted correspondence wth the defendant in New York in the spring of 1907, which resulted finally in a contract of date May 1, 1907, whereby the defendant and the Stauffer Chemical Company agreed that the latter should have an option to purchase the mining properties for the sum of $85,000 within a period of 18 months from that date, and that in the meantime the

⊙⧵For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

chemical company should have a license to enter upon the properties and explore and develop the same and extract ore therefrom, the net proceeds thereof to be deposited in a designated bank and eventually applied on the purchase price of the properties in case the chemical company should elect to purchase under the option. It was further agreed that the chemical company should have the right to discount the purchase price and acquire the title within 90 days from May 1, 1907, upon the payment of $50,000 to the defendant and a commission of $5,000 to the plaintiff.

The agreement between the plaintiff and the defendant as to the payment of a commission is all contained in the correspondence, and it is finally and definitely stated in the letter which the plaintiff wrote to the defendant on May 4, 1907, in which he said: "The price fixed to the Stauffer Chemical people was based on $75,000 net to yourselves, as discussed while I was in New York. To this price I have added $10,000 as my commission, based on an 18 months' contract. * * * In case the sale is concluded in the course of a few months for a lower figure than under the time arrangement covering 18 months, then I am willing to accept ten per cent. or a smaller commission percentage than if I must wait for this deal to be consummated 18 months hence." It elsewhere appears in the correspondence that, in case the property was taken at $85,000 under the 18 months' option, the plaintiff's commission of $10,000 was not payable until the consummation of the sale. The property was not purchased by the chemical company under the option. That company, after operating the mines a few months, made complaint to the defendant that the terms proposed were too onerous. Negotiations were had, and a new agreement was entered into, the terms of which are found in the letter of December 27, 1907, written by the attorneys for the defendant to the Stauffer Chemical Company. In that agreement the option contract was annulled, and it was stipulated that a new corporation should be organized to take over the property, the same to be a dummy corporation managed by the chemical company. The dummy company was to pay the defendant $25,000 cash, and thereafter was to pay a royalty of 50 cents a ton on the product of the mine, until the total amount of $60,000 should be paid, and the buyer was at liberty to abandon the entire undertaking at any time. Under this substituted agreement, the defendant had received at the time of the trial $51,000. There was no agreement between the plaintiff and defendant as to commissions upon a sale under the substituted contract, and the matter was not even discussed.

There are three counts in the complaint. In the first the plaintiff alleged that some time prior to May, 1907, he made and entered into a contract with the defendant, by the terms of which the defendant authorized him to find a purchaser for a certain group of mines, and agreed that when he should have found a purchaser who should be ready, willing, and able to purchase said group of mines for the sum of not less than $75,000 net to defendant, payable upon such terms as might be arranged, the defendant would, upon the completion and consummation of such sale, pay plaintiff for his services such sum of money in excess of $75,000 as said property might be sold for by the defendant to such purchaser; that the plaintiff thereafter found a prospective purchaser of the properties, to wit, Stauffer Chemical Company, which was then and there willing, able, and ready to purchase said property from the defendant, and did then and there agree to purchase the same and to pay therefor the sum of $85,000, and for that sum the defendant sold to the Stauffer Chemical Company said properties on terms satisfactory to the defendant; that thereby there became due to plaintiff the sum of $10,000. The second cause of action alleged that the defendant authorized the plaintiff to find a purchaser for said mines upon such terms as might be agreed to between the defendant and the purchaser, and in pursuance of that authorization he discovered a purchaser who was willing to purchase the mines for $85,000, and that on or about the 1st day of February, 1908, defendant agreed upon terms with said purchaser, and sold said property for the agreed price of $85,000; that the value of the plaintiff's services in procuring said purchaser was $10,000. The third cause of action alleged that the defendant authorized plaintiff to find a purchaser for the mines and for such service promised to pay him 10 per cent. of the money the defendant might actually

receive in cash on account of the sale of said mines; that, in pursuance of that agreement, he discovered a prospective purchaser, who was willing to pay $85,000 for the mines, and on or about February 1st did pay $40,000 therefor on account, with an agreement to pay the further sum of $45,000 in deferred payments upon certain conditions; and that, at the time of the commencement of the action, the sum of $50,000, more or less, in all, had been paid, whereby the sum of $5,000, more or less had become due and payable to the plaintiff.

There was a written consent to waive a jury and the case was tried before the court. At the conclusion of the trial, the case was taken under advisement, and thereafter the court ordered that judgment be entered in favor of the plaintiff and against the defendant in the sum of $5,000. There were no findings of fact.

L. A. Redman, of San Francisco, Cal., for plaintiff in error.

Morrison, Dunne & Brobeck, of San Francisco, Cal. (R. L. McWilliams, of San Francisco, Cal., of counsel), for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above).    [1] Upon the assignment that there was no evidence to sustain the judgment, the question arises: To what extent may the decision of the court below be reviewed here upon the writ of error? The statute of March 3, 1865 (13 Stat. 501; Rev. Stat. §§ 649, 700), provides in substance that the finding of the court upon the facts, in a case where an action is submitted to the court by a written consent to waive a jury, shall have the same effect as the verdict of a jury, and that the rulings of the court in the progress of the trial of the cause, when excepted to at the time, may be reviewed upon writ of error or upon appeal, provided the rulings be duly presented by bill of exceptions and that, when the finding is special, the review may also extend to the determination of the sufficiency of the facts found to support the judgment. Under this statute, the general finding of the court in such a case is not subject to review in an appellate court, except in cases where there is no evidence to sustain the finding, and then only when that question has been expressly presented to the trial court and an exception has been saved to the ruling thereon. Said Mr. Justice Woods, in Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862:

"If the question was whether all the evidence was sufficient in law to warrant a finding for the plaintiff, he should have presented that question by a request for a definite ruling upon that point."

In Pennsylvania Casualty Co. v. Whiteway, 210 Fed. 782, 127 C. C. A. 332, this court said:

"When an action at law is tried before a jury, their verdict is not subject to review unless there is absence of substantial evidence to sustain it, and even then it is not reviewable unless a request has been made for a peremptory instruction, and an exception taken to the ruling of the court. When a jury is waived, and the cause is tried by the court, the general finding of the court for one or the other of the parties stands as the verdict of a jury, and may not be reviewed in an appellate court unless the lack of evidence to sustain the finding has been suggested by a request for a ruling thereon, or a motion for judgment, or some motion to present to the court the issue of law so involved, before the close of the trial. Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862; Wilson v. Merchants' Loan & Trust Co.,

183 U. S. 121, 22 Sup. Ct. 55, 46 L. Ed. 113; Boardman v. Toffey, 117 U. S. 271, 6 Sup. Ct. 734, 29 L. Ed. 898; Barnard v. Randle, 110 Fed. 906, 49 C. C. A. 177; United States Fidelity & G. Co. v. Board of Com'rs, 145 Fed. 144, 76 C. C. A. 114; Felker v. First Nat. Bank, 196 Fed. 200, 116 C. C. A. 32; Bell v. Union Pac. R. Co., 194 Fed. 366, 114 C. C. A. 326. There was no such request or motion made in the case in hand, and the judgment of the court below is therefore conclusive of the facts determined thereby."

The case at bar was submitted to the court for decision upon the pleadings and evidence at the close of the trial, and the question whether there was any evidence to sustain the judgment for the plaintiff was not presented to that court. Under these circumstances, upon a review of the case in this court we are confined to the consideration of the question whether the complaint stated a cause of action, and whether any objection was taken and exception reserved to the admission of testimony in the course of the trial.

[2] The defendant objected to certain testimony offered on the trial, tending to prove the reasonable value of the services rendered by the plaintiff, and to the ruling of the court in admitting such testimony over its objection duly excepted. It is contended that it was error to admit such evidence for the reason that there was no testimony whatever tending to show that the defendant ever promised to pay plaintiff the reasonable value of his services as a broker. But it does not follow from that fact that the plaintiff could not recover upon a quantum meruit. It is true that, where a broker elects to stand on a special contract, he cannot recover on a quantum meruit. Veatch v. Norman, 109 Mo. App. 387, 84 S. W. 350; Edwards v. Goldsmith, 16 Pa. 43; McDonald v. Ortman, 98 Mich. 40, 56 N. W. 1055; Emery v. Atlantic Exchange, 88 Ga. 321, 14 S. E. 556; McDonnell v. Stevinson, 104 Mo. App. 191, 77 S. W. 766; Hammers v. Merrick, 42 Kan. 32, 21 Pac. 783; King v. Stephenson, 29 Okl. 29, 116 Pac. 183; Bentley v. Edwards, 125 Minn. 179, 146 N. W. 347, 51 L. R. A. (N. S.) 254. But one of the causes of action pleaded by the plaintiff in the case at bar was for the recovery of the reasonable value of his service. It is the general rule that if the plaintiff fails to prove performance of the special contract, and fails to show that he has accomplished the precise thing which would entitle him to the compensation agreed upon therein, and yet shows that the contract established the relation of agency, and that the defendant has taken the benefit of that which the plaintiff did in pursuance of the contract, and has appropriated the plaintiff's services, the latter may recover the reasonable value of such services upon a quantum meruit. Sussdorff v. Schmidt, 55 N. Y. 319; Steinfeld v. Storm, 31 Misc. Rep. 167, 63 N. Y. Supp. 966; Clark v. Davies, 88 Neb. 67, 129 N. W. 165; Veatch v. Norman, 95 Mo. App. 500, 69 S. W. 472; Wheeler v. F. A. Buck & Co., 23 Wash. 679, 63 Pac. 566; In re Breon Lumber Co. (D. C.) 181 Fed. 909.

[3] It is contended that it was error to admit evidence of reasonable value of the plaintiff's services for the further reason that no evidence was adduced to prove the express promise to pay such reasonable value which was alleged in the second count, and that therefore there was variance between the complaint and the evidence which was so received and objected to. But, if there was such variance as is

now alleged, the right to predicate error on the admission of such testimony 'was waived by the defendant's failure to present specifically that ground of objection at the time when the testimony was offered. In Roberts v. Graham, 6 Wall. 578, 18 L. Ed. 791, the court said:

"The objection of variance not taken at the trial cannot avail the defendant as an error in the higher court, if it could have been obviated in the court below."

See, also, Nashua Savings Bank v. Anglo-American Co., 189 U. S. 221, 231, 23 Sup. Ct. 517, 47 L. Ed. 782; Preiss v. Zitt, 148 Fed. 617, 78 C. C. A. 56; and Sussdorff v. Schmidt, 55 N. Y. 319.

We find no error.

The judgment is affirmed.