FIRST NAT. BANK OF CASSELTON v. NATIONAL CITY BANK OF CHICAGO. *

(Circuit Court of Appeals, Eighth Circuit. December 2, 1919.)

No. 5388.

APPEAL AND ERROR ☞209 (1)—FINDING OF FACT BY JUDGE NOT REVIEWED WHERE NO REQUESTS FOR FINDINGS WERE MADE.

 In view of Rev. St. §§ 649, 700, 1011 (Comp. St. §§ 1587, 1668, 1672), where, in an action at law tried to the court by stipulation, no findings were requested the findings made have the effect of the verdict of a jury, and where there are no assignments of error covering rulings made during the trial, or the sufficiency of the special findings to support the judgment, there is nothing which the appellate court may review.

In Error to the District Court of the United States for the District of North Dakota; Charles F. Amidon, Judge.

Action at law by the National City Bank of Chicago against the First National Bank of Casselton. Judgment for plaintiff, and defendant brings error. Affirmed.

M. W. Murphy, of Fargo, N. D. (Aubrey Lawrence, of Fargo, N. D., on the brief), for plaintiff in error.

G. L. Wire, of Chicago, Ill., and A. W. Cupler, of Fargo, N. D. (Ed. Pierce and B. G. Tenneson, both of Fargo, N. D., on the brief), for defendant in error.

Before CARLAND and STONE, Circuit Judges, and ELLIOTT, District Judge.

CARLAND, Circuit Judge. This is an action at law tried by the court, a jury being waived in writing. The evidence was closed March 14, 1918, and the case taken under advisement. May 4, 1918, the court filed its findings of facts and conclusions of law upon which judgment was entered for the plaintiff on the same date. Prior to the decision of the court and the entry of judgment no request for findings of facts

or declarations of law had been made by the defendant. We find in the record, but not incorporated in the bill of exceptions, findings of fact and conclusions of law stated to have been requested by the defendant. These findings and conclusions, however, were not filed in the court, and therefore, so far as the record shows, were not presented to the court until February 19, 1919, nearly a year after the case was decided.

This situation leaves the record the same as if the case had been tried to a jury, and no motion for a directed verdict or request to charge had been made by the defendant. The findings of the court being like the verdict of a jury, there is nothing for us to review, except errors in the admission or rejection of evidence, and in this case, the findings being special, whether such findings support the judgment. There is no assignment of error covering these points; therefore there is nothing for us to review. Sections 649, 700, and 1011, Rev. Stat. (Comp. St. §§ 1587, 1668, 1673); U. S. v. U. S. Fidelity Co., 236 U. S. 512, 35 Sup. Ct. 298, 59 L. Ed. 696; Mason et al. v. U. S., 219 Fed. 547, 135 C. C. A. 315, and cases cited; U. S. F. Co. v. Woodson County, 145 Fed. 144, 76 C. C. A. 114; Barnsdall v. Waltemeyer, 142 Fed. 415, 73 C. C. A. 515; Mason City v. Boynton, 158 Fed. 599, 85 C. C. A. 421; C. G. W. Ry. Co. v. Minneapolis, 176 Fed. 237, 100 C. C. A. 41, 20 Ann. Cas. 1200; Chicago, etc., v. Frye, 184 Fed. 15, 106 C. C. A. 217; Chicago, etc., v. Barrett, 190 Fed. 118, 111 C. C. A. 158; Humphreys v. Cincinnati, 75 Fed. 852, 21 C. C. A. 538; Phœnix v. Dittmar, 224 Fed. 892, 140 C. C. A. 336.

Judgment affirmed.