## DISSETTE v. DOST.

(Court of Appeals of District of Columbia. Submitted March 8, 1922. Decided April 3, 1922.)

### No. 3691.

1. **Master and servant ⬤80(4)—Affidavit of defense to recover for servant's breach of confidence held insufficient.**

In an action by an employee to recover advancements to his employer, an affidavit of defense admitting the amount claimed by plaintiff, but alleging by way of set-off that plaintiff was under contract not to reveal confidential information relating to the manufacture of defendant's goods, and that he wrongfully divulged to divers persons the matters he was obliged to keep secret, and conspired by other means to injure defendant's business, without alleging who the divers persons were, or the means by which he conspired, or that any act was done in furtherance of the conspiracy, is too indefinite.

2. **Damages ⬤5—Only "special damage" recoverable, if act might have been committed without injury.**

If all of the acts by plaintiff complained of by defendant might have occurred without causing any injury to defendant, the damage, if any, to the defendant, was special; that is, such damage as is the natural, but not the necessary, consequence of the act complained of.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Special Damages.]

3. **Damages ⬤142—Facts showing special damage must be pleaded.**

To permit recovery of special damages, the facts which show how the special damages arose must be stated, though it is not required that evidence shall be pleaded.

4. **Damages ⬤142—Affidavit of defense must allege facts causing special damage.**

Where the affidavit of defense did not allege the facts showing special damage to defendant from plaintiff's acts, such damage could not be recovered.

5. **Damages ⬤141—Affidavit of defense, stating ground for nominal damages, is not sufficient.**

Where the affidavit of defense admitted plaintiff's claim, but relied on a set-off, on which only nominal damages could be recovered, because the facts causing special damages were not pleaded, the affidavit was insufficient.

Appeal from the Supreme Court of the District of Columbia.

Assumpsit by Charles O. Dost against John W. Dissette. Judgment for the plaintiff for insufficiency of the affidavit of defense, and defendant appeals. Affirmed.

Dion S. Birney, of Washington, D. C., for appellant.

J. Easby-Smith and Ralph B. Fleharty, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. Dost sued Dissette in assumpsit on the common counts for $1,654.48, and attached to his declaration a bill of particulars, in which he claimed that sum as a balance due to him for salary which Dissette had agreed to pay him, and for money advanced on account of Dissette. In his affidavit of defense Dissette admits that he is indebted to Dost in the sum of $767.53, but alleges

a set-off in the amount of $5,000. There was a motion for judgment on the ground that the affidavit was defective. The court sustained the motion as to the amount which was admitted to be due, but overruled it as to the remainder. Judgment was entered accordingly, and Dissette, alleging error, brings the case here for our consideration.

If there was enough in the affidavit to raise a question of fact in relation to the set-off for the consideration of a jury, the court erred; but, if there was not, the judgment must be affirmed. The sufficiency of the affidavit is, then, the sole question in the case.

[1] It alleges that prior to the commencement of the action plaintiff was in the employ of the defendant under a contract whereby he bound himself to secrecy respecting the trade secrets about goods manufactured by Dissette, the methods and costs of manufacturing them, patents applied for and to be applied for, and confidential information relating to the manufacturing of the goods. But, notwithstanding this, he, so it is averred, without the knowledge or consent of the defendant, wrongfully divulged "to divers persons" the matters which he was obliged to keep secret, and "by divers other means conspired to injure * * * defendant's business, * * * all in breach of said contract of employment, and which caused defendant damage in the amount of $5,000."

It will be noticed the affidavit does not allege who the divers persons were to whom it is alleged Dost revealed the secrets of the business, the means by which he conspired to injure the defendant's business, or that any act was done in pursuance of the conspiracy. Nor does it say even that the divers persons were rivals of Dissette's in business. So far as the affidavit is concerned, the disclosures may have been made to fellow employés, or to other persons who never acted upon them. The mere disclosures could have done Dissette no harm. In these respects we think the affidavit is too indefinite. Durant v. Murdock, 3 App. D. C. 114.

[2] But its more serious defect lies in the averment with regard to damages. All it says on that point is that the breach in the respects alleged caused Dissette damage in the sum of $5,000. In an early case the Supreme Court of the United States used this language:

"Special, as contradistinguished from general, damage is that which is the natural, but not the necessary, consequence of the act complained of." Roberts v. Graham, 6 Wall. 578, 18 L. Ed. 791.

Compare Troy Laundry Co. v. Dolph, 138 U. S. 617, 11 Sup. Ct. 412, 34 L. Ed. 1083.

[3, 4] It did not necessarily follow that the acts complained of in the affidavit produced any damage. All may have occurred without causing a particle of injury to Dissette; hence, the damage, if any, was special, and the facts which show how the special damages arose must be stated, although it is not required that evidence shall be pleaded. 17 C. J. 1005. As bearing on the same point, consult The Director (D. C.) 26 Fed. 708; Warner v. Bacon, 8 Gray (74 Mass.) 397, 69 Am. Dec. 253; Chicago, B. & Q. R. Co. v. Emmert, 53 Neb. 237, 73 N. W. 540, 68 Am. St. Rep. 602. The necessary facts were not stated

in the affidavit, and because of this could not be established. Rice Auto Co., Inc., v. Spillman, —— App. D. C. ——, 280 Fed. 452.

[5] No doubt the affidavit states a case for nominal damages. This, however, was not enough. Such damages are given, not as an equivalent for wrong, but as a recognition of a technical injury, and by way of declaring the right. They are not damages small in amount. In reality they are damages in name only, and not in fact. 17 C. J. 720, and cases cited in the notes.

For the reasons given, we think the affidavit did not aver a defense, in whole or in part, to Dost's claim, as required by the seventy-third rule, and hence the judgment must be, and it is, affirmed, with costs.

Affirmed.

